Cox, J.
This case originated in a magistrate’s court, where $60.00 ■was claimed, and a verdict returned by a jury for $15.50, *56 and judgment rendered thereon. In the court of common pleas, to which an appeal was taken, it was claimed that the case was not appealable, and affidavits were submitted, alleging that before thejury was impaneled an amended bill of particulars was filed,'clffiffiin'g1 billy $19.50 damages. Counter affidavits were submitted/whereupon the trial judge held that the amount in controversy was below $20.00, and, trial having been had in the magistrate’s court before a jury, an appeal could not be taken. The appeal was therefore dismissed, and judgment given for plaintiff for $15.50 and his costs.
The proceedings in the court of common pleas were clearly erroneous.
1. The transcript showed that it was an appealable case— a demand for $60.00. The court of common pleas had no authority to hear evidence outside the transcript to prove that an amended bill of particulars had been filed in the magistrate’s court. If such an amendment were made, it should have appeared in the magistrate’s transcript; or, if omitted there,, plaintiff could, under an order of court, have filed a correct transcript. (Yapel, 656; 15 Ohio St. 295 ; 27 Ohio St. 44; 39 Ohio St. 53). The court of commoD pleas erred, therefore, in dismissing the appeal.
' 2. The court below having found the case not appealable,, had no jurisdiction further. If it were not appealable, all the court could do, would be to dismiss the appeal for want of jurisdiction, leaving the judgment before the magistrate to stand. The court of common pleas could not render judgment for any amount. (44 Ohio St. 249.)
Upon suggestion of counsel that after the entry of judgment in the court of common pleas, an execution had been issued and the money paid by defendant under protest, the proper entry in the circuit court would be an order of restitution of the amount paid by plaintiff in error, and that the case should not be remanded. But the court held that the only entry it could make from the papers in the case would be, that the: judgment of the court of common pleas be reversed, and that plaintiff in error *57 ¡be restored to all things he has lost by réason of the erroneous judgment of the court, and that a mandate issue to that ■court to carry the judgment into effect, and there the application for a writ of restitution should be made. (31 Ohio St. 289.)
J, W. O’Hara, for plaintiff in error.
<7. L. Lundy, for defendant in error.
Judgment accordingly.